# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO.

THE PEOPLE *v.* RODRÍGUEZ ET AL.

APPEAL from the District Court of Ponce.

No. 67.—Decided January 10, 1906.

INFORMATION—PLEA OF DEFENDANT.—It is within the discretion of a trial court to permit a defendant to withdraw his plea of "not guilty" and file a demurrer to the information.

ID.—REQUIREMENTS.—The section of the Penal Code which is alleged to have been violated need not be alleged in the information, but if the section is set forth it is necessary that no discrepancy should exist between it and the act or omission imputed as a crime defined and punished thereby in order that the accused may be able to properly prepare his defense.

ID.—In order that an information may be deemed sufficient it is necessary that the facts constituting the crime be set forth in precise and ordinary language, in order that the defendant may, by a reading thereof, acquaint himself with the nature of the crime with which he is charged.

CRIMES AGAINST THE REGISTRATION LAW—RULES MADE BY THE GENERAL SUPERVISOR OF ELECTIONS.—The rules made by the general supervisor of elections in regard to the registration of electors, duly approved by the committee on elections of the Executive Council, must be strictly complied with, and a voluntary or malicious violation thereof may be prosecuted under section 16 of the Registration Law.

CRIMES AGAINST THE ELECTION LAWS.—Where the information charges the defendant with a violation of the Election Law, and the facts alleged therein constitute a violation of the Registration Law, which is separate and distinct from the former, the information is defective and must be dismissed.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

*Mr. Manuel F. Rossy* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

R. U. Colón, *fiscal* of the District Court of Ponce, filed the following information:

"José Rodríguez Arzola and Marcial Rodríguez are charged by information filed by the *fiscal* with the crime of violating the electoral laws of Porto Rico, provided for and punished by section 161 of the Penal Code, committed as follows:

"While the defendants, José Rodríguez Arzola and Marcial Rodríguez, were judges of election, and as such formed a majority of the board of registry of precinct number 42 of the section of Guayanilla, municipal district of Ponce, judicial district of Ponce, for the general elections held in Porto Rico on November 8, 1904, they wilfully failed and refused to comply, as such officials of the board of registry, with the provisions of the act entitled 'An Act to amend sections 1, 2, 4, 5 and 6, and to repeal section 3 of an act entitled "An act to regulate the registration of electors,'" the latter approved March 1, 1902, and the former March 10, 1904, by opening the electoral college on October 18, 1904, the day set for the registration of electors, at 9,30 a. m., and closing it the following day at 5.30 p. m., which were not the hours fixed for such opening and closing of the booth, thus leaving a number of electors who had sought registration unable to obtain it."

In due time the defendants pleaded not guilty, reserving the right to change their plea. On July 28 of last year their counsel made a motion in writing for the dismissal of the information against his clients on the ground that the act charged therein did not constitute a crime, and a day for the trial having been set, the *fiscal* moved for a continuance on account of the absence of the witnesses for the prosecution, which continuance the court granted. At this moment counsel for the defendants prayed for permission to withdraw the plea of not guilty and to file a demurrer on the ground that the acts charged in the information did not constitute a crime. The court granted the petition and after the demurrer had been read and the parties had made their arguments, the court decided that "the law and the facts are in favor of the defendants, as there exists no penal sanction for the act charged in the information, which act does not constitute a violation of a duty imposed by the law upon the defendants as judges of elections; and, therefore, the demurrer filed by

the defendants is sustained, with the costs against the Government.''

Special *Fiscal* E. B. Wilcox, by virtue of the right vested in him by the first subdivision of section 348 of the Code of Criminal Procedure, took an appeal from the above decision, and the *fiscal* of this Supreme Court attacked the decision appealed from, while Attorney Manuel F. Rossy, on the contrary, defended it at the hearing on behalf of the defendants.

We understand that in this case the judge of the Ponce court had the discretional power to grant or deny permission to change the original plea of the defendants, and as we do not find an apparent abuse of such discretion, and, an the other hand, as the *fiscal* did not then object to the permission granted, but confined himself to appealing from the final judgment on the merits of the case, I believe we should ignore this phase of the question which is not the subject of the appeal before us for consideration and decision.

At the same time, it is absolutely undeniable that there are two distinct laws, one to provide for elections in Porto Rico, approved March 1, 1902, and another to regulate the registration of electors, approved on the same date. It is also indisputable that the latter was amended in a number of sections and one of them was repealed by the act approved March 10, 1904.

But in neither of the two acts last mentioned do we find any provision whatsoever fixing the hours for opening and closing the sessions of the board of registry for the registration of the names of all persons who may appear in person before said board and who shall duly prove that they have the legal right to vote in the corresponding precinct. This is a matter which could not have been left to the discretion of persons belonging to different parties, as are the persons constituting the board of registry, because such a discretion might give rise to vexatious discussions and on some occasions cause persons having a perfect right to be registered to be left out. The Executive Council, with laudable foresight, took

action to cure this defect in said acts, under the power vested in it by said election and registration acts. It had the power to make the orders necessary to carry out the act of registration. (Section 18 or 313 of the Revised Statutes.) It also had the power to appoint a committee on elections to represent it, with sufficient power to approve, disapprove, modify or change the acts of the supervisor of elections. (Section 11 of the Election Act, or 240 of the Revised Statutes.)

Now then, under these circumstances and with all these formalities, the supervisor of elections prepared the instructions contained in Form No. 5, which were approved by the committee on elections, and after having been printed, were sent to the boards of registry. These instructions imposed on the latter the obligation of remaining in public session from 8 a. m. until 6 p. m. on the days of registration, which were also fixed. Compliance with this provision could not be evaded, because it was issued with all the necessary authority, and any malicious and wilful violation thereof constituted a punishable act which finds its legal sanction in section 16 of the Registration Act, equivalent to section 311 of the Revised Statutes.

But after recognizing all this we are confronted by the information which was inserted in full at the beginning of this opinion, and we observe therein that in one part section 161 of the Penal Code is cited, said section referring to the crime of the violation by officials of the laws relating to election, knowingly and fraudulently, while in another part acts relating to the Registration Act are charged. So that there is absolutely no connection between the two.

It is true that the *fiscal* is not abliged to cite the section of the Penal Code which he alleges the violation of, and its omission does not prejudice the information when the latter complies with the other requisites of the law; but if the section which constitutes the crime is cited there must be a perfect relation between it and the act or omission which produces it, and this must be so, because the information must be

open and frank and should avoid anything which might be construed as taking the accused by surprise. The defendant must know what he is charged with in order to know against what and how he is to defend himself, and for this reason section 71 of the Code of Criminal Procedure provides that the information must contain ''a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended.''

And subdivision 7 of section 82 also comes to the assistance of the court and requires for an information to be sufficient; ''That the act or omission charged as the offense, is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction, according to the right of the case.''

From the information before us an offense in violation of the election act appears to have been committed, but, nevertheless, the act charged constitutes a violation of the Registration Act, which is a very different law from the preceding one, and which has, as has been previously said, its express and distinct penal sanction.

This with regard to the crime in relation to the act charged; and if we turn our attention to the persons, we will likewise note that José Rodríguez Arzola and Marcial Rodríguez were at that moment members of the board of registry, and, as such, could not be charged with violating the election laws which were not involved on that occasion, and as members of said board and discharging the functions of such, they could not be charged as judges of election either.

It will be observed, therefore, that the information does not contain the conditions of clearness and sincerity necessary to permit the defendants, by merely reading it, to know the specific charge made against them to the extent of enabling them to prepare an adequate defense.

It is natural that they should have thought over and been in doubt as to the course they should follow in the face of an

information which permitted of such distinct and heterogeneous considerations, and for this reason the judge of the Ponce court acted properly when he said "there exists no penal sanction for the act contained in the information which does not constitute a violation of an obligation imposed by the law upon the defendants as judges of elections."

We find that the defects or imperfections contained in the information under discussion tend to prejudice the rights of the defendants in material particulars, and any proceedings based thereon might be affected, and then we must apply the provisions of section 83 of the Code of Criminal Procedure and the Act of the Legislative Assembly of this Island approved May 30, 1904.

For these reasons we recommend that the judgment appealed from be affirmed, with costs against The People.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.